**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN KOWAL, | : | CIVIL ACTION - LAW |
| | : | |
| Plaintiff, | : | NO:   3:18-cv-181 |
| | : | |
| v. | : | |
| | : | |
| FERNDALE AREA SCHOOL DISTRICT and FERNDALE AREA SCHOOL DISTRICT BOARD OF EDUCATION, | : : : : | |
| Defendants | : | JURY TRIAL DEMANDED |

**COMPLAINT**

AND NOW, comes the Plaintiff, John Kowal, by and through his attorneys, Susan N. Williams, Esquire, and Adam R. Gorzelsky, Esquire, of Williams Law Offices, and files the following Complaint.

**I. INTRODUCTION**

1. This case is brought pursuant to the Age Discrimination in Employment Act ("ADEA") [29 U.S.C. §§ 621, et seq.] and the Pennsylvania Human Relations Act ("PHRA") [43 P.S. §§ 955 et. seq.]. Specifically, Mr. Kowal alleges that the Defendants retaliated against him for having filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission.

**II. JURISDICTION AND VENUE**

2. This Court is permitted to maintain personal jurisdiction over the Defendants because their contacts with the Commonwealth and this judicial district are sufficient to meet the minimum requirements necessary to satisfy the notions of fair play and justice established by the

United States Supreme Court in *International Shoe Company v. Washington*, 326 U.S. 310 (1945) and its progeny.

3.      The United States District Court for the Western District of Pennsylvania has federal question jurisdiction over this case because allegations alleged under the ADEA arise under the laws of the United States.  28 U.S.C. § 1331.  This Court has supplemental jurisdiction over the alleged violations arising under Pennsylvania law.  28 U.S.C. § 1367.

4.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b)(1),(2) as the Defendants resides within the district and a substantial part of the events and occurrences described herein took place within the district.

### III. PARTIES

5.      Plaintiff John Kowal is an adult individual currently residing at 539 Fulmer Road, Johnstown, Cambria County, Pennsylvania.

6.      Defendant Ferndale Area School District ("School District) is a public school district constituted and operating under the Pennsylvania Public School Code of 1949, 24 P.S. §1-101 *et seq.,* and subject to all applicable provisions therein, with a business address of 100 Dartmouth Avenue, Johnstown, Cambria County, Commonwealth of Pennsylvania.

7.      Defendant Ferndale Area School District Board of Education ("School Board") is the School District's governing body, constituted and operating under the Pennsylvania Public School Code of 1949, 24 P.S. §1-101 *et seq.,* and subject to all applicable provisions therein, with a business address of 100 Dartmouth Avenue, Johnstown, Cambria County, Commonwealth of Pennsylvania.

### IV. FACTUAL BACKGROUND

8.      Mr. Kowal was born on May 31, 1951.

9. Mr. Kowal retired on September 12, 2017, from his position as Business Manager with the School District.

10. At the time he retired, he was 66 years of age.

11. In terms of continued health care coverage for retirees, the School District has an Administrator/Compensation package that includes options to exchange unused sick days, including an option whereby 45 days of accumulated sick leave could be exchanged for one year of employee/spouse health coverage.

12. In some instances, the continued health care coverage is also negotiated in the context of employment contracts with administrators.

13. Mr. Kowal retired with 353.5 unused sick days.

14. These sick days would have entitled Mr. Kowal and his wife to 7.85 years of health care coverage.

15. On October 31, 2017, at a meeting with the Superintendent and Business Manager of the School District, Mr. Kowal was offered the option of being paid $115 for each unused sick day and for 20 unused vacation days and three unused personal days.

16. This offer was worth $52,046.70.

17. Mr. Kowal refused this offer.

18. At the November 15, 2017 School Board meeting, the School Board agreed that Mr. Kowal was, in fact, entitled to 7.85 years of family coverage.

19. After this meeting, the Superintendent conveyed this information to Mr. Kowal, and said that a Memorandum of Understanding would be provided to him.

20. No such memorandum was ever provided.

21. In December of 2017, the School Board offered to Mr. Kowal yet another option, whereby he and his wife would receive funds in a Health Reimbursement Account (HRA).

22. Mr. Kowal was also advised that he had until December 20, 2017, to accept the offer in writing.

23. On December 11, 2017, Mr. Kowal sent the School Board a counter-proposal with additions and deletions, for the School Board's review.

24. On December 18, 2017, Mr. Kowal received an e-mail from the Superintendent with "final revisions to retirement health care agreement."

25. On that same date, Mr. Kowal contacted the Equal Employment Opportunity Commission to file a Charge of Discrimination, alleging that the Defendants had violated the terms of the ADEA.

26. On December 19, 2017, Mr. Kowal sent the Superintendent an e-mail requesting an extension of the 12/20/17 deadline to accept or reject the latest offer from the Defendants.

27. In that e-mail, he also advised the Superintendent that he had an initial interview scheduled with the EEOC.

28. Mr. Kowal had also repeatedly requested the opportunity to meet with the School Board.

29. By letter dated January 16, 2018, the Superintendent replied as follows:

> "While Section 708 of the Sunshine Law should permit the Board to meet with you, the Board is respectfully declining that offer to meet with them. There are several factors that come into play.
> 1) You placed yourself on the District's insurance without having ever talked to me, the Solicitor or the Board before you retired.
> 2) You have indicated that you would possibly be instituting legal proceedings against the School District.
> 3) You have indicated that you have an initial interview with the EEOC to determine if other fair employment laws have in fact been violated.
> 4) You have indicated that it may be necessary to secure an attorney.

        In light of the above, and particularly with the threat of litigation and claims that the District has somehow violated fair employment practices laws, gives us a moment for pause to meet with you."

30. Mr. Kowal has never been permitted to address the School Board.

31. His healthcare coverage was terminated on March 1, 2018.

32. On March 22, 2018, Mr. Kowal sent an e-mail to the Superintendent advising that the EEOC had completed its investigation, and had issued a Dismissal and Notice of Rights.

33. He also advised that he and his wife had decided to accept the Board's offer to establish an HRA.

34. The Superintendent responded that she would forward the e-mail to legal counsel and get back to him as soon as possible.

35. On April 19, 2018, the Defendants unilaterally sent to Mr. Kowal a check in the amount of $22,213.71.

36. The actual value of Mr. Kowal's unused sick days is approximately $196,000. The actual value of Mr. Kowal's unused vacation and personal days is approximately $11,452.

37. Mr. Kowal has been retaliated against for having engaged in activities protected by the provisions of the Age Discrimination in Employment Act; specifically, once the Defendant learned that Mr. Kowal had initiated the filing of a Charge of Discrimination, the Defendant refused to let him address the School Board, in violation of the Sunshine Act, and refused to continue negotiations.

38. The School District then mailed him a check for an amount significantly less than the amount to which he is entitled.

39. On June 18, 2018, Mr. Kowal filed with the EEOC a second Charge of Discrimination, alleging that he had been retaliated against for having engaged in activities

protected by the provisions of the Age Discrimination in Employment Act; specifically, once the Defendants learned that Mr. Kowal had initiated the filing of a Charge of Discrimination, the Defendants refused to let him address the School Board, in violation of the Sunshine Act, and refused to continue negotiations. The Defendants then mailed him a check for an amount significantly less than the amount to which he is entitled.

40. A Dismissal and Notice of Rights was mailed to Mr. Kowal on July 10, 2018.

## V. COUNT 1:

## DISCRIMINATION IN VIOLATION OF THE ADEA

41. The averments of paragraphs 5 through 40 are incorporated by reference as if more fully set forth herein.

42. Mr. Kowal is over forty (40) years old.

43. As such, he is entitled to the protections of the ADEA.

44. Mr. Kowal engaged in a protected activity when he filed his initial Charge of Discrimination with the EEOC.

45. The Defendants took a materially adverse action against Mr. Kowal because of his protected activity; specifically, once the Defendants learned that Mr. Kowal had initiated the filing of a Charge of Discrimination, the Defendants refused to let him address the School Board, in violation of the Sunshine Act, and refused to continue negotiations. The Defendants then mailed him a check for an amount significantly less than the amount to which he is entitled.

46. The materially adverse action taken by the Defendants was made with reckless disregard of his rights under the ADEA.

47. As such, the Defendants' violation is willful.

WHEREFORE, Mr. Kowal requests relief as appropriate under 29 U.S.C. § 626(b), (c), including but not limited to compensatory damages, liquidated damages, reasonable attorney's fees, and reasonable costs.

## VI. COUNT 2:

## DISCRIMINATION IN VIOLATION OF THE PHRA

48. The averments of paragraphs 5 through 47 are incorporated by reference as if more fully set forth herein.

49. Claims raised under the PHRA are interpreted in line with claims raised under the ADEA. *Kelly v. Drexel Univ.*, 94 F.3d 102, 105 (3d Cir. 1996).

50. Accordingly, Mr. Kowal's discrimination claim raised under the ADEA against the Defendants is alleged similarly under the PHRA.

WHEREFORE, Mr. Kowal seeks damages relief as appropriate, including but not limited to compensatory damages, liquidated damages, reasonable attorney's fees, and reasonable costs.

## VII. COUNT 3:

## BREACH OF CONTRACT

51. The averments of Paragraphs 5 through 36 are incorporated by reference, as if more fully set forth herein.

52. The failure of the Defendants to provide to Mr. Kowal 7.85 years of family coverage, as agreed at the School Board meeting of November 15, 2017, is a breach of the agreement between the parties, depriving Mr. Kowal of the benefits of the bargain.

WHEREFORE Plaintiff demands judgment in his favor, plus interest and costs of suit.

        Respectfully Submitted,

        s/ Susan N. Williams, Esq.
        Susan N. Williams, Esquire
        Pa.I.D. 40077

        s/Adam R. Gorzelsky, Esq.
        Adam R. Gorzelsky, Esquire
        Pa.I.D. 309094
        Williams Law Offices
        101 North Main St. Suite 106
        Greensburg PA 15601
        (724) 838-8110
        (724) 838-1600 (fax)