IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| JOHN KOWAL, | ) | Case No. 3:18-cv-181 |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| FERNDALE AREA SCHOOL | ) | |
| DISTRICT and FERNDALE AREA | ) | |
| SCHOOL DISTRICT BOARD OF | ) | |
| EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I. Introduction

Before the Court is the Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) (ECF No. 6) of Defendants Ferndale Area School District and Ferndale Area Board of Education. In their Motion, Defendants move to dismiss Counts II and III of Plaintiff John Kowal's three-count Complaint. This Motion is fully briefed (*see* ECF Nos. 7, 9) and is ripe for disposition. For the reasons that follow, the Court will **GRANT** Defendants' Motion and dismiss Counts II and III of Plaintiff's Complaint without prejudice.

### II. Jurisdiction

The Court has jurisdiction over Plaintiff's federal claim pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plantiff's state-law claims under 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims occurred in the Western District of Pennsylvania.

## III. Background

The following facts, which the Court accepts as true for purposes of deciding this Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), are alleged in Plaintiff's Complaint. (ECF No. 1.)

Defendant Ferndale Area School District ("Ferndale") is a public school district in Johnstown, Pennsylvania.[1] (*Id.* ¶ 6.) Ferndale's affairs are governed by Defendant Ferndale Area School District Board of Education (the "Board").[2] (*Id.* ¶ 7.)

Plaintiff John Kowal ("Kowal") worked as the business manager for Ferndale from 1987 until he retired on September 12, 2017. (*Id.* ¶ 9.) Kowal was 66 years old when he retired. (*Id.* ¶ 10.)

This case arises from a dispute regarding Kowal's healthcare coverage upon his retirement. (*See id.*) Ferndale has a policy that allows an administrator to exchange forty-five days of unused sick days for one year of employee-spouse healthcare coverage. (*Id.* ¶ 11.)

Kowal retired with 353.5 unused sick days. (*Id.* ¶ 13.) At an October 31, 2017 Board meeting, Ferndale's Superintendent and new Business Manager offered to pay Kowal a total sum of $52,046.70 for his unused leave time.[3] (*Id.* ¶¶ 15-16.) This offer was based on $115 for each unused sick day and $115 for each of his twenty unused vacation days and three unused personal days. (*Id.* ¶ 15.) Kowal refused the offer. (*Id.* ¶ 17.)

---

[1] Because Ferndale is a public school district, Ferndale and the Board operate according to the provisions in the Pennsylvania Public School Code of 1949, 24 P.S. § 1-101 *et seq.* (*Id.* ¶¶ 6-7.)

[2] Collectively, Ferndale and the Board are referred to as "Defendants."

[3] Kowal's Complaint does not name the Superintendent. But subsequent filings indicate that Kowal refers to Superintendent Carole Kakabar. (*See* ECF No. 7 at 7 n.2, 9, 10.)

The Board discussed Kowal's unused leave time at its November 15, 2017 meeting. Kowal alleges that the Board agreed that Kowal is entitled to exchange his unused sick time for 7.85 years of family healthcare coverage. (*Id.* ¶ 18.) Ferndale's Superintendent conveyed this information to Kowal after the meeting and told him that a Memorandum of Understanding would be forthcoming. However, the Board did not provide Kowal with a Memorandum of Understanding. (*Id.* ¶ 19.)

In December 2017, the Board offered to provide Kowal and his wife with a funded Health Reimbursement Account. (*Id.* ¶ 21.) The Board told Kowal that he must accept the offer by December 20, 2017. (*Id.* ¶ 22.) On December 11, 2017, Kowal sent a counteroffer to the Board. (*Id.* ¶ 23.) In response, Ferndale's Superintendent sent Kowal another version of the offer with final revisions. (*Id.* ¶ 24.)

On December 19, 2017—one day before the offer's expiration—Kowal sent the Superintendent an email requesting an extension to decide on Defendants' offer. (*Id.* ¶ 26.) In this email, Kowal advised the Superintendent that he filed a charge of discrimination against Defendants with the Equal Employment Opportunity Commission (EEOC). (*Id.*) In his December 19 email, Kowal also complained that he repeatedly requested to meet with members of the Board. (*Id.* ¶ 28.)

In a January 16, 2018 letter, the Superintendent advised Kowal that the Board would delay meeting with him because Kowal had indicated that he considered taking legal action against the Defendants.[4] (*Id.* ¶ 29.)

---

[4] Specifically, the January 16, 2018 letter stated that:

-3-

Kowal's health coverage was terminated on March 1, 2018. (*Id.* ¶ 31.) On March 22, 2018, Kowal sent an email to the Superintendent stating that he and his wife had decided to accept the Board's offer to establish a Health Reimbursement Account. (*Id.* ¶¶ 32-33.) Kowal also stated that the EEOC had completed its investigation and had issued a Dismissal and Notice of Rights. (*Id.* ¶ 32.) The Superintendent responded by stating that she would forward the email to legal counsel. (*Id.* ¶ 34.)

On April 19, 2018, Defendants sent Kowal a check for $22,213.71. (*Id.* ¶ 35.) Kowal alleges that this check did not adequately compensate him for his unused sick days, which are worth approximately $196,000, or his unused vacation and personal days, which are worth approximately $11,452. (*Id.* ¶ 36.)

On June 18, 2018, after receiving the check, Kowal filed a second charge of discrimination with the EEOC. (*Id.* ¶ 39.) Kowal alleged that Defendants retaliated against Kowal after he filed his first charge of discrimination with the EEOC. (*Id.*) Specifically, Kowal alleges that Defendants refused to allow Kowal to address the Board and refused to

---

[while] Section 708 of the Sunshine Law should permit the Board to meet with you, the Board is respectfully declining that offer to meet with them. There are several factors that come into play. 1) You placed yourself on the District's insurance without ever having talked to me, the Solicitor, or the Board before you retired. 2) You have indicated that you would possibly be instituting legal proceedings against the School District. 3) You have indicated that you have an initial interview with the EEOC to determine if other fair employment laws have been violated. 4) You have indicated that it may be necessary to secure an attorney. In light of the above, and particularly with the threat of litigation and claims that the District has somehow violated fair employment practices laws, gives us a moment for pause to meet with you.

(ECF No. 1 ¶ 29.)

continue negotiations over his healthcare coverage. (*Id.*) The EEOC mailed Kowal a Dismissal and Notice of Rights on July 10, 2018. (*Id.* ¶ 40.)

On September 14, 2018, Kowal filed a Complaint in this Court. (*See* ECF No. 1.) Kowal's Complaint alleges: (1) that Defendants violated the Age Discrimination in Employment Act (ADEA) (Count I); (2) that Defendants discriminated against him in violation of the Pennsylvania Human Resources Act (PHRA) (Count II); and (3) breach of contract (Count III).

Defendants filed a Motion to Dismiss (ECF No. 6) Counts II and III of Kowal's Complaint and a Brief in Support on November 19, 2018. (ECF No. 7.) Kowal filed his response on December 11, 2018. (*See* ECF Nos. 8, 9.)

## IV. Standard of Review

A complaint may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). But detailed pleading is not generally required. *Id.* The Rules demand only "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps.[5] First, the court must "tak[e] note of the

---

[5] Although *Iqbal* described the process as a "two-pronged approach," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), the Supreme Court noted the elements of the pertinent claim before proceeding with that approach, *id.* at 675–79. Thus, the Third Circuit has described the process as a three-step approach.

elements [the] plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth.") (citation omitted). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Connelly*, 809 F.3d at 786. Ultimately, the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

V. **Discussion**

   A. **The Court Will Dismiss Count II Because Kowal Acknowledges that he Did Not Exhaust Administrative Remedies**

In their Motion to Dismiss, Defendants argue that Count II of Kowal's Complaint—discrimination under the PHRA—fails because Kowal did not exhaust his administrative remedies with the Pennsylvania Human Rights Commission. (ECF No. 7 at 5.) *See also Burgh v. Borough Council of Montrose*, 251 F.3d 465, 471 (3d Cir. 2001).

---

*See Connelly*, 809 F.3d at 787; *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 n.4 (3d Cir. 2011) (citing *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (2010)).

In his response to Defendants' Motion to Dismiss, Kowal acknowledges that he did not exhaust his administrative remedies with the Pennsylvania Human Rights Commission, and therefore concedes that Count II of the Complaint must be dismissed. (ECF No. 9 at 2.) Accordingly, the Court will dismiss Count II of Kowal's Complaint.

In his response, Kowal further notes that he "will file an Amended Complaint on February 29, 2019, incorporating the PHRA count." (*Id.* at 2.) The Court notes that according to the Federal Rules of Civil Procedure, Kowal must seek leave of Court to amend his Complaint in the future.[6]

## B. The Court Will Dismiss Count III Because Defendants and Kowal Did Not Form a Binding Contract

In Count III of his Complaint, Kowal alleges that Defendants are liable to him for breach of contract. Kowal alleges that the Board agreed to provide Kowal with 7.85 years of family health coverage at the November 17, 2017 board meeting, but then never followed through on its this agreement. (ECF No. 1 ¶¶ 51-52.)

In his Complaint and Motion to Dismiss, Kowal alleges that a contract was formed whenever the Board "agreed" that he was entitled 7.85 years of family health coverage in exchange for his unused sick days. (*See* ECF No. 1 ¶¶ 51-52; ECF No. 9 at 2-3.) The breach of contract count in Kowal's Complaint contains only two paragraphs—one incorporating

---

[6] Federal Rule of Civil Procedure 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Since the time periods to amend as a matter of course under Rule 15(a)(1) will have passed by February 29, 2019, Kowal must seek leave to amend. *See* FED. R. CIV. P. 15(a)(2) ("In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so required.").

-7-

prior allegations by reference and another stating that "[t]he failure of the Defendants to provide to Mr. Kowal 7.85 years of family coverage, as agreed at the School Board meeting of November 15, 2017, is a breach of the agreement between the parties, depriving Mr. Kowal of the benefits of the bargain." (*Id.*)

Kowal's Motion to Dismiss does little to bolster or explain the sparse allegation in his Complaint. (*See* ECF No. 9 at 2-3.) In his Motion to Dismiss, he reiterates that the Board agreed that Kowal was entitled to 7.85 years of family health coverage at the November 17, 2017 Board meeting. (*Id.* at 2.) He further alleges that Ferndale's Superintendent stated the Board would provide Kowal with a "Memorandum of Understanding," but did not follow through. (*Id.* at 2-3.)

Based on these allegations, Kowal fails to adequately plead a breach of contract claim. "It is well-established that three elements are necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms, (2) a breach of the contract, and (3) resultant damages." *See, e.g., Meyer, Darragh, Buckler, Benenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1528 (Pa. 2016) (citing *J.F. Walker Co., Inc. v. Excalibur Oil Grp., Inc.*, 792 A.2d 1269, 1272 (Pa. Super. 2002)). Under Pennsylvania law, the question of whether an undisputed set of facts establishes a contract is a matter of law. *Quandry Sols. Inc. v. Verifone Inc.*, No. 07-097, 2009 WL 997041, at *5 (E.D. Pa. Apr. 13, 2009) (quoting *Mountain Props., Inc. v. Tyler Hill Realty Corp.*, 767 A.2d 1096, 1101 (Pa. Super. Ct. 2001)).

"Although a plaintiff need not state every term of the contract in complete detail, every element must be specifically pleaded." *Ebrahimzadeh v. Sharestates Inv., LLC*, No. 18-

1659, 2018 WL 6065419, *5 (E.D. Pa. Nov. 20, 2018) (citing *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. 1999)). Here, Kowal fails to plead the existence of a valid contract.

Specific pleading "is particularly important where an oral contract is alleged." *Pennsy Supply, Inc. v. Am. Ash. Recycling Corp. of Pa.*, 895 A.2d 595, 600 (Pa. Super. 2006). "The party alleging the breach of an oral contract bears the burden of proving the existence of that contract with clear and convincing evidence." *Bennett v. Itochu Int'l, Inc.*, No. 09-cv-1819, 2012 WL 2637404, *16 (E.D. Pa. Aug. 23, 2012) (citing *Luther v. Kia Motors Am., Inc.*, 676 F. Supp. 2d 408, 416 (W.D. Pa. 2009)).

Kowal's breach of contract claims fails because he does not sufficiently allege that he and the Board formed a valid contract. Even accepting the allegations in his Complaint as true, Kowal does not establish any of the three essential elements to contract formation — offer, acceptance, and consideration.

First, Kowal's breach of contract claim fails because he does not allege that there was a valid offer. To form a valid contract, one party must make an offer to another party. An offer "is a manifestation of willingness to enter into a bargain, which would justify another person in understanding that his assent to that bargain is invited and will conclude it." *See, e.g., Delaware River Tow, LLC v. Nelson*, No. 04-2850, 2005 WL 331706, *4 (E.D. Pa. Feb. 10, 2005); *Phila. Newspapers, Inc. v. Comm. Unemployment Comp. Bd. of Review*, 426 A.2d 1289 (Pa. Cmwlth. 1981) (citing RESTATEMENT (SECOND) OF CONTRACTS § 24).

However, Kowal's Complaint does not indicate which party made an offer, which party accepted an offer, or any other conduct by the parties that led to the formation of a binding contract. (*See* ECF No. 1 ¶¶ 51-52.)

Kowal's Complaint alleges that an "agreement" was reached at the School Board meeting of November 15, 2017. (*Id.* ¶ 52.) However, Kowal's Motion to Dismiss states that Defendants did not inform Kowal of this alleged agreement until *after* the meeting. (ECF No. 9 at 2.) Kowal does not allege that he made an offer to the Board before or during the November 15, 2017 meeting. He does not allege that the Board made an offer to him in connection with the "agreement" before or during the November 15 meeting. Rather, he alleges that the members of the Board reached an agreement at the November 15 meeting without Kowal's participation. Kowal does not allege that the Board invited his assent to the agreement. Thus, the "agreement" Kowal refers to appears to be a unilateral agreement reached among member of the Board without Kowal's input or participation. This indicates that neither party made a valid offer, and therefore that a valid contract never existed.

Kowal also alleges that when the Board informed him of the "agreement" after the November 15, 2017 meeting, the Board stated that it would subsequently provide him with a Memorandum of Understanding. (ECF No. 1 ¶ 19.) This allegation further indicates that the parties did not form a valid contract. It appears that the Board stated that it would provide Kowal with a written offer to memorialize the Board's unilateral "agreement" at a later date through a Memorandum of Understanding—at which point Kowal could manifest assent to the Board's agreement. Therefore, the Court finds that Kowal's

allegations regarding the "agreement" are only evidence of preliminary negotiations, and not evidence of a binding contract. *See Bennett*, 2012 WL 3627404, at *16 ("It is not enough to show preliminary negotiations or an agreement to enter into a binding contract in the future.").

Second, Kowal's breach of contract claim fails, even assuming that Kowal alleges a valid offer, because he does not allege acceptance. "Acceptance of an offer is a manifestation of assent to the terms thereof made by the offeree in a manner invited or required by the offer." *Delaware River Tow*, 2005 WL 331706, *4 (citing RESTATEMENT (SECOND) OF CONTRACTS § 50). Here, Kowal does not allege that he manifested assent to the terms of any offer made by the Board after the November 15, 2017 Board meeting. Therefore, Kowal does not allege that the parties formed a binding contract.

Third, Kowal's breach of contract claim fails because he does not allege consideration.[7] Consideration "confers a benefit upon the promisor or causes a detriment to the promisee and must be an act, forbearance, or return promise bargained for and given in exchange for the original promise." *Channel Home Ctrs., Div. of Grace Retail Corp. v. Grossman*, 795 F.2d 291, 299 (3d Cir. 1986) (interpreting Pennsylvania law). "Where . . . there is no agreement or even a discussion as to *any* of the essential terms of an alleged bargain, such as . . . consideration, the 'agreement' is too indefinite for a party to reasonably

---

[7] Consideration is a basic requirement for contract formation. Consideration has also been defined as the "inducement to a contract . . . [through] some right, interest, profit or benefit accruing to one party, or some forbearance, detriment, loss or responsibility, given, suffered, or undertaken by the other." *Great Northern Ins. Co. v. ADT Sec. Servs., Inc.*, 517 F. Supp. 2d 723, 736 (W.D. Pa. 2007); *Crawford's Auto Ctr., Inc. v. Commw. of Pa.*, 655 A.2d 1064, 1068 n. 8 (Pa. Commw. Ct. 1995) (citing BLACK'S LAW DICTIONARY at 277–78 (5th ed.1979); RESTATEMENT (SECOND) CONTRACTS § 71 (1981)).

-11-

believe that it could be enforceable in an action at law." *Ecore Int'l, Inc. v. Downey*, No. 11-6843, 2018 WL 6333965, *20 (E.D. Pa. Oct. 12, 2018) (citing *Lackner v. Glosser*, 892 A.2d 21, 30 (Pa. Super. Ct. 2006)). Here, Kowal does not allege that he and the Board exchanged value in consideration of a bargained-for performance, forbearance or return promise. Moreover, Kowal does not allege that the "agreement" at the Board's November 15, 2017 meeting created an affirmative, bargained-for obligation for the Board to act or Kowal to refrain from acting.

Accordingly, the Court will dismiss Kowal's breach of contract claim because Kowal fails to allege facts indicating that he and the Board entered into a valid contract. However, the Court will grant leave to amend because it finds that Kowal may be able to cure the deficiencies of his breach of contract claim through more specific pleading.[8]

## VI. Conclusion

For the reasons set forth above, the Court will grant Defendants' Motion to Dismiss. The Court will dismiss Counts II and III of Kowal's Complaint without prejudice.

A corresponding order follows.

---

[8] "[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *CollegeSource, Inc. v. AcademyOne, Inc.*, 597 F. App'x 116, 126 (3d Cir. 2015) (quoting *Phillips*, 515 F.3d at 245). Amendment would be futile "if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Munchak v. Ruckno*, 692 F. App'x 100, 102 (3d Cir. 2017) (internal citations omitted); *see also Munksjo Paper AB v. Bedford Materials Co.*, No. 3:16-CV-270, 2018 WL 1866086, at *6 (W.D. Pa. Apr. 18, 2018) (Gibson, J.).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN KOWAL, | ) | Case No. 3:18-cv-181 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| FERNDALE AREA SCHOOL DISTRICT and FERNDALE AREA BOARD OF EDUCATION, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**AND NOW**, this 3rd day of January, 2019, upon consideration of the Defendants' Motion to Dismiss (ECF No. 6), **IT IS HEREBY ORDERED** that the Motion is **GRANTED**. Counts II and III of Plaintiff's Complaint are hereby dismissed without prejudice. **IT IS FURTHER ORDERED THAT:**

(1) Kowal must file an amended complaint on or before **January 31, 2019**;

(2) If Kowal chooses to refile Count II after **January 31, 2019**, he must seek leave of court to do so.

**BY THE COURT**

*/s/ Kim R. Gibson*

**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**