IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| JOHN KOWAL, | ) | Case No. 3:18-cv-181 |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| FERNDALE AREA SCHOOL | ) | |
| DISTRICT and FERNDALE AREA | ) | |
| SCHOOL DISTRICT BOARD OF | ) | |
| EDUCATION, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

I. Introduction

Before the Court is the Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) (ECF No. 18) of Defendants Ferndale Area School District and Ferndale Area School District Board of Education. In their Motion, Defendants move to dismiss Count II of Plaintiff's Amended Complaint. (ECF No. 16.) Defendants filed a brief in support of their Motion. (ECF No. 19.) Plaintiff did not timely respond to Defendants' Motion.[1] Accordingly, the Motion is ripe for disposition. For the reasons that follow, the Court will **GRANT** Defendants' Motion and dismiss Count II of Plaintiff's Amended Complaint with prejudice.

---

[1] This Chamber's Practices and Procedures requires that parties respond to motions within 21 days. *See* Practices and Procedures of Judge Kim R. Gibson, at II(D)(4), available at https://www.pawd.uscourts.gov/sites/pawd/files/JG-Practices-Procedures.pdf. Defendants' filed their Motion to Dismiss (ECF No. 18) on February 12, 2019. Plaintiff did not file a response before it became due on March 5, 2019.

## II. Jurisdiction

The Court has jurisdiction over Plaintiff's federal claim pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plantiff's state-law claims under 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims occurred in the Western District of Pennsylvania.

## III. Background

### A. Factual Background

The following facts, which the Court accepts as true for purposes of deciding this Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), are alleged in Plaintiff's Amended Complaint. (ECF No. 16.)

Defendant Ferndale Area School District is a public school district in Johnstown, Pennsylvania.[2] (*Id.* ¶ 6.) Ferndale's affairs are governed by Defendant Ferndale Area School District Board of Education.[3] (*Id.* ¶ 7.)

Plaintiff John Kowal ("Kowal") worked as the business manager for Ferndale from 1987 until he retired on September 12, 2017. (*Id.* ¶ 9.) Kowal was 66 years old when he retired. (*Id.* ¶ 10.)

This case arises from a dispute regarding Kowal's healthcare coverage upon his retirement. (*See id.*) Ferndale has a policy that allows an administrator to exchange forty-

---

[2] Because Ferndale is a public school district, Ferndale and the Board operate according to the provisions in the Pennsylvania Public School Code of 1949, 24 P.S. § 1-101 *et seq.* (ECF No. 16 ¶¶ 6-7.)

[3] Collectively, Ferndale Area School District and the Ferndale Area School District Board of Education are referred to as "Defendants."

five days of unused sick days for one year of employee-spouse healthcare coverage. (*Id.* ¶ 11.)

Kowal retired with 353.5 unused sick days. (*Id.* ¶ 13.) At an October 31, 2017 Board meeting, Ferndale's Superintendent and new Business Manager offered to pay Kowal a total sum of $52,046.70 for his unused leave time.[4] (*Id.* ¶¶ 15-16.) This offer was based on $115 for each unused sick day and $115 for each of his twenty unused vacation days and three unused personal days. (*Id.* ¶ 15.) Kowal refused the offer. (*Id.* ¶ 17.)

The Board discussed Kowal's unused leave time at its November 15, 2017 meeting. Kowal alleges that the Board agreed that Kowal is entitled to exchange his unused sick time for 7.85 years of family healthcare coverage. (*Id.* ¶ 18.) Ferndale's Superintendent conveyed this information to Kowal after the meeting and told him that a Memorandum of Understanding would be forthcoming. However, the Board did not provide Kowal with a Memorandum of Understanding. (*Id.* ¶ 23.)

In December 2017, the Board offered to provide Kowal and his wife with a funded Health Reimbursement Account. (*Id.* ¶ 24.) The Board told Kowal that he must accept the offer by December 20, 2017. (*Id.* ¶ 25.) On December 11, 2017, Kowal sent a counteroffer to the Board. (*Id.* ¶ 26.) In response, Ferndale's Superintendent sent Kowal another version of the offer with final revisions. (*Id.* ¶ 27.)

On December 19, 2017—one day before the offer's expiration—Kowal sent the Superintendent an email requesting an extension to decide on Defendants' offer. (*Id.* ¶ 29.)

---

[4] Kowal's Amended Complaint does not name the Superintendent. But other filings in this case indicate that Kowal refers to Superintendent Carole Kakabar. (*See* ECF No. 7 at 7 n.2, 9, 10.)

In this email, Kowal advised the Superintendent that he filed a charge of discrimination against Defendants with the Equal Employment Opportunity Commission (EEOC). (*Id.* ¶ 30.) In his December 19 email, Kowal also complained that he repeatedly requested to meet with members of the Board. (*Id.* ¶ 29.)

In a January 16, 2018 letter, the Superintendent advised Kowal that the Board would delay meeting with him because Kowal had indicated that he considered taking legal action against the Defendants.[5] (*Id.* ¶ 32.)

Kowal's health coverage was terminated on March 1, 2018. (*Id.* ¶ 34.) On March 22, 2018, Kowal sent an email to the Superintendent stating that he and his wife had decided to accept the Board's offer to establish a Health Reimbursement Account. (*Id.* ¶¶ 35-36.) Kowal also stated that the EEOC had completed its investigation and had issued a Dismissal and Notice of Rights. (*Id.* ¶ 35.) The Superintendent responded by stating that she would forward the email to legal counsel. (*Id.* ¶ 37.)

---

[5] Specifically, the January 16, 2018 letter stated that:

> [while] Section 708 of the Sunshine Law should permit the Board to meet with you, the Board is respectfully declining that offer to meet with them. There are several factors that come into play. 1) You placed yourself on the District's insurance without ever having talked to me, the Solicitor, or the Board before you retired. 2) You have indicated that you would possibly be instituting legal proceedings against the School District. 3) You have indicated that you have an initial interview with the EEOC to determine if other fair employment laws have been violated. 4) You have indicated that it may be necessary to secure an attorney. In light of the above, and particularly with the threat of litigation and claims that the District has somehow violated fair employment practices laws, gives us a moment for pause to meet with you.

(ECF No. 16 ¶ 32.)

On April 19, 2018, Defendants sent Kowal a check for $22,213.71. (*Id.* ¶ 38.) Kowal alleges that this check did not adequately compensate him for his unused sick days, which are worth approximately $196,000, or his unused vacation and personal days, which are worth approximately $11,452. (*Id.* ¶¶ 39, 41.)

On June 18, 2018, after receiving the check, Kowal filed a second charge of discrimination with the EEOC. (*Id.* ¶ 40.) Kowal alleged that Defendants retaliated against Kowal after he filed his first charge of discrimination with the EEOC. (*Id.*) Specifically, Kowal alleges that Defendants refused to allow Kowal to address the Board and refused to continue negotiations over his healthcare coverage. (*Id.*) The EEOC mailed Kowal a Dismissal and Notice of Rights on July 10, 2018. (*Id.* ¶ 42.)

### B.     Procedural History

On September 14, 2018, Plaintiff filed a Complaint in this Court. (*See* ECF No. 1.) Plaintiff's Complaint alleged: (1) that Defendants violated the Age Discrimination in Employment Act (ADEA) (Count I); (2) that Defendants discriminated against him in violation of the Pennsylvania Human Resources Act (PHRA) (Count II); and (3) breach of contract (Count III). (*Id.*)

Defendants filed a Motion to Dismiss (ECF No. 6) Counts II and III of Plaintiff's Complaint and a Brief in Support on November 19, 2018. (ECF No. 7.) Plaintiff filed his response on December 11, 2018. (*See* ECF Nos. 8, 9.) The Court dismissed Counts II and III of Plaintiff's Complaint without prejudice in a Memorandum Opinion and Order on January 3, 2019. (*See* ECF No. 13.) That Order provided that Plaintiff could file an amended complaint before January 31, 2019. (*Id.* at 13.)

On January 30, 2019, Plaintiff filed an Amended Complaint (ECF No. 16) alleging: (1) that Defendants violated the ADEA (Count I); and (2) that Defendants violated the Pennsylvania Wage Payment and Collection Law (Count II). Defendants filed their Motion to Dismiss Count II of Plaintiff's Amended Complaint and brief in support on February 12, 2019. (ECF Nos. 18, 19.) Plaintiff did not file a response.

## IV. Standard of Review

A complaint may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). But detailed pleading is not generally required. *Id.* The Rules demand only "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps.[6] First, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim

---

[6] Although *Iqbal* described the process as a "two-pronged approach," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), the Supreme Court noted the elements of the pertinent claim before proceeding with that approach, *id.* at 675–79. Thus, the Third Circuit has described the process as a three-step approach. *See Connelly*, 809 F.3d at 787; *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 n.4 (3d Cir. 2011) (citing *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (2010)).

are not entitled to the assumption of truth.") (citation omitted). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.; see also Connelly*, 809 F.3d at 786. Ultimately, the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## V. Discussion

In his Amended Complaint, Plaintiff alleges that Defendants violated Pennsylvania's Wage Payment and Collection Law by failing to compensate Plaintiff for his unused sick days, vacation days, and personal days. (ECF No. 16 ¶¶ 52-54.) Plaintiff argues that "the failure or refusal of the Defendants to pay Mr. Kowal the agreed upon amount of money is a violation of the Wage Payment and Collection Law." (*Id.* ¶ 55.)

In their Motion to Dismiss, Defendants argue that Count II of Kowal's Amended Complaint fails because Defendants Ferndale Area School District and Ferndale Area School District Board of Education are not "employers" as defined by that law. (ECF No. 19 at 5.)

The Pennsylvania Wage Payment and Collection Law defines "Employer" as "every person, firm, partnership, association, corporation, receiver, or other officer of a court of this Commonwealth and any agent or officer of any of the above-mentioned classes employing any person in this Commonwealth." 43 PA. CONS. STAT. § 260.2a.

The Court finds that Defendants are not "employers" for purposes of Pennsylvania's Wage Payment and Collection Law. Pennsylvania and federal courts have consistently held that "[t]his definition has been held not to embrace school districts." *See Chatterjee v. Sch. Dist. of Phila.*, 170 F. Supp. 2d 509, 518 (E.D. Pa. 2001) (citing *Philipsburg-Osceola Educ. Ass'n v. Philipsburg-Osceola Area Sch. Dist.*, 633 A.2d 220, 223 (Pa. Commw. Ct. 1993)); *see also Wagner v. Tuscarora Sch. Dist.*, 2005 WL 2319141, at *7 (M.D. Pa. Sept. 21, 2005) (citing *Chatterjee*, 170 F. Supp. 2d at 518; *Philipsburg-Osceola*, 633 A.2d at 223) ("In accordance with these decisions, the Court finds that Plaintiff's WPCL claim against the District and Board must be dismissed."); *Masciotti v. Lower Heidelberg Twp*, No. 1233 C.D. 2013, 2014 WL 1273892, *2 (Pa. Commw. Ct. Mar. 28, 2014).

Accordingly, Plaintiff's claim against Defendants under the Pennsylvania Wage Payment and Collection Law fails as a matter of law.

## VI. Conclusion

For the reasons set forth above, the Court will **GRANT** Defendants' Motion to Dismiss. (ECF No. 18.) The Court will dismiss Count II Kowal's Amended Complaint with prejudice because Plaintiff will be unable to cure the deficiency in Count II through amendment.

A corresponding order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN KOWAL, | ) | Case No. 3:18-cv-181 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| FERNDALE AREA SCHOOL DISTRICT and FERNDALE AREA BOARD OF EDUCATION, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**AND NOW**, this 25th day of March, 2019, upon consideration of the Defendants' Motion to Dismiss (ECF No. 18), **IT IS HEREBY ORDERED** that the Motion is **GRANTED**.

Count II of Plaintiff's Amended Complaint is hereby dismissed with prejudice.

BY THE COURT

KIM R. GIBSON
**UNITED STATES DISTRICT JUDGE**